# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3576
LT Case No. 2021-CA-53554

_____

SOUTHERN-OWNERS INSURANCE
COMPANY and GRANVILLE
RICHARDSON,

    Appellants,

    v.

LORIE MCCOY, as personal
representative of the Estate of
Leonard A. Pallay, Jr.

    Appellee.

_____

Nonfinal Appeal from the Circuit Court for Brevard County.
Michelle L. Naberhaus, Judge.

Carri S. Leininger and Anthony M. Stella, of Williams, Leininger
& Cosby, P.A., N. Palm Beach, for Appellant, Southern-Owners
Insurance Company.

Daniel P. Stiffler and Gary F. Baumann, of Baumann, Gant &
Keeley, P.A., Fort Lauderdale, for Appellant, Granville
Richardson.

Margaret E. Kozan, of Losey PLLC, Orlando, and Michael J.
Damaso and Christopher N. Gonsalves, of Wooten, Kimbrough,
Damaso & Dennis, P.A., Orlando, for Appellee.

May 24, 2024

LAMBERT, J.

Appellant, Southern-Owners Insurance Company, seeks review of the trial court's nonfinal order entered in a wrongful death case denying its motion to enforce a settlement agreement after an evidentiary hearing. The court found that the evidence presented at the hearing did not establish mutual assent to the terms and conditions of the settlement offer made by Appellee. For the following reasons, we dismiss this appeal for lack of jurisdiction.

Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ix) authorizes district courts of appeal to review nonfinal orders that determine "that, as a matter of law, a settlement agreement is unenforceable, is set aside, or never existed." Simply stated, the trial court's order in this case did not expressly determine that, as a matter of law, the purported settlement agreement was unenforceable or never existed. Under these circumstances, we conclude that we lack jurisdiction to review this order. *See Powell v. Woodard*, 300 So. 3d 784, 785 (Fla. 1st DCA 2020) (dismissing, for lack of jurisdiction, an appeal of an order denying the appellant's motion to enforce a settlement agreement in a personal injury case following an evidentiary hearing, where the trial court did not expressly determine that, as a matter of law, a settlement agreement never existed, instead finding from the evidence that the parties had not reached a mutual assent on the material, essential terms of any purported settlement), *see also Duchateau v. Duchateau*, 361 So. 3d 951, 952 (Fla. 5th DCA 2023) (dismissing an appeal for lack of jurisdiction where the order denying the motion to enforce a settlement agreement entered after an evidentiary hearing did not expressly determine, as a matter of law, that the settlement agreement was unenforceable, never existed, or was set aside).

APPEAL DISMISSED.

MAKAR and JAY, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____